Vincent G. McGrath, Plaintiff-Appellee, v. Alton A. Davis and Maude L. Davis, his Wife, Defendants-Appellants.

**Gen. No. 49,975.**

First District, Fourth Division.

September 16, 1966.

Howard T. Savage, of Chicago (Earle M. Brooks and Robert C. Power, of counsel), for appellants.

Lendol D. Snow, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from an order entered in the Circuit Court of Cook County ordering specific performance of a real estate contract for the sale of certain described real estate between Vincent G. McGrath, plaintiff, and Alton A. Davis and Maude L. Davis, his wife, defendants.

The plaintiff, buyer, and defendants, sellers, entered into a contract on January 9, 1963, in which the plaintiff agreed to purchase at the price of $23,500, and the defendants agreed to sell a certain parcel of real estate commonly known as 4455 Drexel Boulevard, Chicago, Illinois. On or about January 4, 1963, the defendants acquired title to the said real estate. They had purchased the property from the original owner through Charles Ringer Company, real estate brokers. At some time thereafter the broker informed defendants that he knew of a person who wished to buy the property for the price of $23,500. Prior to January 9, 1963, Charles Ringer Company contacted the plaintiff and prepared a contract between the plaintiff and the defendants. On January 9 the plaintiff executed the contract and left it, together with a deposit of $1,000, with Charles Ringer Company. Defendants executed the contract on the same day and a duplicate copy of the contract, signed by defendants, was delivered to the plaintiff within five days. The contract provided, among other things, that:

"VINCENT G. McGRATH, or Nominee, agrees to buy at the price of Twenty Three Thousand Five Hundred and No/100 ($23,500.00), which includes the mortgage indebtedness, if any, hereinafter speci-

fied, the following described real estate, in Cook County, Illinois (legal description of property), and ALTON A. DAVIS and MAUDE L. DAVIS, his wife, agree to sell said premises at said price, and to convey or cause to be conveyed to buyer good title thereto by stamped statutory warranty deed, with release of dower and homestead rights, . . .

"Rents, water taxes, insurance premiums are to be adjusted pro rata as of date of delivery of deed. Existing leases and insurance policies shall be assigned to buyer. General taxes for the year 1962 are to be prorated from January 1, to date of delivery of deed. If the amount of such taxes is not then ascertainable, prorating shall be on the basis of the amount of the most recent ascertainable taxes.

"Buyer has paid ONE THOUSAND AND NO/100 ($1,000.00) Dollars earnest money to be applied on purchase price, and agrees to pay within five days after title is shown good or is accepted buyer, the further sum of TWENTY TWO THOUSAND FIVE HUNDRED AND NO/100 ($22,500.00) Dollars, provided deed as aforesaid shall be ready for delivery. . . .

"Within twenty days from date hereof, seller shall deliver to buyer or his agent (which delivery may be made at office of Charles Ringer Company) as evidence of title covering date hereof, showing record title in seller (or grantor) . . . (2) Owner's Guarantee Policy of Chicago Title and Trust Company in the amount of the purchase price or its customary preliminary report on title subject to the usual objections contained in such policies, though, if such report be furnished, seller shall deliver such guarantee policy when deed is delivered, but seller, on furnishing such report shall not be in default for failure to furnish policy until ten days after

21

demand therefor by buyer, such policy or report on title to be conclusive evidence of good title subject only to the exceptions therein stated; . . .

". . .

"All notices and demands herein required shall be in writing. The mailing of a notice by registered mail to seller at C/o Charles Ringer Company, 7915 Exchange Avenue, Chicago, Ill., or to buyer at 7925 Racine Avenue, Chicago, Illinois shall be sufficient service thereof, on date of mailing."

The contract also provided that the seller would pay a real estate brokerage commission to Ringer.

On February 8, 1963, the plaintiff filed a complaint in the Circuit Court, in which complaint he alleged that on January 9, 1963, plaintiff and defendants had entered into a written contract, copy of which was attached to the complaint; that plaintiff had duly performed all covenants and conditions on his part to be performed; that plaintiff had tendered to defendants the entire balance of the purchase price as set forth in the contract by depositing same with Charles Ringer Company, agent of defendants; that plaintiff had been at all times and still was ready, willing and able to complete the contract; that defendants had failed to perform the conditions prescribed in the contract inasmuch as they have failed and refused to exhibit evidence of title and to deliver a deed; and the plaintiff prayed that the court enter a decree of specific performance against the defendants.

The defendants filed an answer admitting that a contract was entered into between them on January 9, 1963, but denying that plaintiff had performed all the covenants and conditions on his part to be performed, denying that plaintiff had tendered to defendants the balance of the purchase price in accordance with the terms of the contract, denying that the defendants have failed and refused to exhibit evidence of title, and *further de-*

22

nying that the plaintiff made a timely request for the delivery of a deed. The defendants also filed an affirmative defense in which they allege that the plaintiff had "waived a current report of title and agreed to accept as satisfactory proof of title a certain Chicago Title and Trust Company report . . ."; that the plaintiff failed and refused to pay or tender the balance due on the purchase price within the specified time; and that defendants were ready and willing to deliver their deed.

On February 6, 1963, the plaintiff moved the court for a summary judgment requiring the defendants to specifically perform the̅ contract in question, and with the motion the plaintiff presented certain affidavits. In his affidavit he stated that the contract was executed on January 9, 1963; that $1,000 for earnest money was deposited with the contract with Charles Ringer Company; that Charles Ringer Company, within five days from the date of the contract, delivered to plaintiff a duplicate of the contract executed by the defendants. He further stated that the contract provides that within 20 days from the date thereof seller shall deliver to buyer, or his agent, evidence of title; and that no evidence of title has been delivered to the plaintiff within 20 days of the date of the contract, nor at any time since; that on January 28, 1963, the plaintiff requested from John J. Rewers (a salesman for Charles Ringer Company) evidence of title to the said real estate, and was advised by Rewers that this was not in the possession of Charles Ringer Company. Plaintiff further stated that the contract provides that within five days after title is shown to be good a further sum of $22,500 to complete the purchase price should be deposited with Charles Ringer Company, provided that a deed to the property shall be ready for delivery; that on February 1, 1963, the plaintiff delivered his certified check to the Ringer Company in the amount of $20,502.86, being the balance of the purchase price, less real estate tax and

23

other deductions which were agreed to be prorated; and that on February 6, 1963, the plaintiff served a demand on defendants, in care of Charles Ringer Company, for delivery of a deed in compliance with said contract.

Affidavits, counteraffidavits, and a deposition were submitted to and considered by the court in the hearing for summary judgment. In Davis' deposition he stated, among other things, that while it was agreed at the time the contract was signed that there would be a "complete passing of all the necessary papers and the cash," he does not remember ever having executed a deed pursuant to the contract, and that he did not execute such a deed and deliver it to the buyer or Charles Ringer Company.

On April 9, 1964, the defendants filed a petition praying that the court deny a summary decree to the plaintiff. In that petition defendants contend that there were issues of fact in the cause; that Charles Ringer Company was representing the defendants and also representing plaintiff; that Charles Ringer Company as the agent of plaintiff, by parol waived the provision of the contract which required the defendants to submit evidence of title within 20 days from January 9, 1963; that thereupon the defendants were entitled to "an immediate consummation of the transaction"; and that the defendants were never informed that the plaintiff had deposited any earnest money with Charles Ringer Company.

On April 20, 1964, the plaintiff filed a verified reply to the defendants' petition in which he stated that defendants had admitted the execution of the contract; that the question of the agency of Charles Ringer Company and Rewers, or either of them, is immaterial and irrelevant; that the defendants in their counteraffidavit state that they were at all times represented in the transaction by Charles Ringer Company through Rewers. The plaintiff further set out that there is no fact issue pointed out by defendants' petition inasmuch as, even

admitting there was a waiver of submission of title evidence, no allegation was made of the waiver of any other requirement of said contract, and *"particularly that provision that a Deed shall be ready for delivery upon payment of the purchase price."* (Emphasis supplied.)

On May 13, 1964, the court entered a decree for specific performance in favor of the plaintiff and against the defendants. In that decree the court recited that after considering the pleadings, the depositions on file, the affidavits in support of the motion, and the counteraffidavit; and having heard the arguments of counsel, and "being otherwise fully advised in the premises," there appeared to be no genuine issue as to any material fact presented to it, and the court thereupon ordered that the defendants execute, acknowledge and deliver to the plaintiff, within five days after the entry of the decree, a warranty deed with release of dower and homestead rights, conveying to plaintiff the described real estate, and setting out the legal description thereof. The decree also provided that the defendants' conveyance should be "subject only to special taxes or assessments for improvements not yet completed, installments not due at date hereof of any special tax or assessment for improvements heretofore completed, general taxes for the year 1962 and subsequent years, building lines and building and liquor restrictions of record, zoning and building laws or ordinances, party wall rights or agreements, if any, roads and highways, if any; and that defendants let the plaintiff into possession of the . . . described real estate, . . ." The decree further provided that in the event the defendants did not execute a deed within a 5-day period a master in chancery was authorized to execute such deed; that simultaneously with the delivery of the deed, plaintiff would pay to defendants the balance of $22,500, less the pro rata amount of general taxes unpaid from January 1, 1962, to date of delivery of said deed, and that the deed should

be delivered to plaintiff and the payment made by plaintiff at the office of Charles Ringer Company. The decree having been entered, the defendants thereupon took an appeal to this court.

The defendants argue here that all obligations of defendants under the contract of January 9, 1963, had ceased on January 14, 1963, by reason of plaintiff's failure to deposit the balance of the purchase price specified in the contract, on or before five days after that date, since a broker-agent of the plaintiff had accepted the existing evidence of title on the date the contract bears, or January 9, 1963. It is also contended that the tender of the balance of the purchase price, if it was not too late, was less than the amount specified in the contract.

It is unnecessary to cite authority to support the well recognized rule in this state that a summary judgment cannot be entered where there is any material question of fact to be determined. Hence, it is necessary to analyze the issues in this case. It is agreed between the parties that they entered into a contract on January 9, 1963; that the contract required that the seller should, within 20 days, deliver to the buyer or his agent evidence of title consisting of either a guarantee policy from Chicago Title and Trust Company, or that company's customary preliminary report of title, subject to the usual objections contained therein, showing the record title in the seller or the grantor.

The first contention of the defendants is that there was an agreement entered into either at the time the contract was signed or subsequent thereto, providing that there should be an immediate transaction with the entire purchase price to be paid forthwith; and that the plaintiff had accepted the title of defendants as good at the time the contract was signed. The important question before the trial court was as to whether the defendants had complied with their agreement and had tendered a warranty deed either to the plaintiff or to

26

Charles Ringer Company. No waiver of this provision of the contract is alleged. The question as to whether or not there was a waiver of the contract requirement that the defendants furnish proof of title is immaterial. It is also immaterial whether or not the plaintiff accepted title without any further proof.

■ ■ The contract specifically provides that buyer is to pay the balance of the purchase price "within 5 days after title is shown good or accepted by the buyer . . . provided deed as aforesaid shall be ready for delivery." Therefore, buyer was not required to pay over the purchase price until the deed was ready for delivery. Since it is admitted that defendants had never prepared a deed, plaintiff was not required to pay over the money until the deed was ready, regardless of the acceptance of the title. When plaintiff deposited the balance of the purchase price with Charles Ringer Company, defendants had not deposited the deed as provided in the contract, and therefore, the court properly found that plaintiff was entitled to specific performance.

The entire picture of the transaction becomes somewhat clearer when we consider seller's response to the question asked him during the taking of his deposition as to why he did not proceed with the transaction. He stated that it was because he wanted the property himself.

The defendants also argue that since the contract provided that the balance of the purchase price was $22,500, and the plaintiff deposited with Charles Ringer Company the sum of $20,502.86, plaintiff did not comply with the terms of the contract. Under the terms of the contract the defendants should have deposited with Charles Ringer Company as escrowee, within 20 days after the date of the contract, proof of title at least consisting of a preliminary letter of Chicago Title and Trust Company, together with a properly executed deed. This he did not do. When the plaintiff deposited the sum

in question he was depositing a sum which was more than sufficient to make up the agreed balance of the purchase price, when it is considered that there would be deductions properly made at the time of the proration.

The defendants cite Macy v. Brown, 326 Ill 556, 158 NE 216, as authority to support their contention that the amount of the tender made by the plaintiff was not sufficient; however, that case is not in his favor, as the court said:

> ". . . The technical rules that govern pleas of tender in actions at law are manifestly inapplicable to the circumstances of suits in chancery, and a court of chancery is not bound down by any fixed rule on this subject by which it will allow the substantial ends of justice to be perverted or defeated by the omission of an unimportant or useless act which nothing but the merest technicality could require. (Webster v. French, 11 Ill 254.) The main question in a case of specific performance is whether the complainant has made a conscientious effort on his part to comply honestly with the contract. [Citing cases.] The general rule is, that to entitle a purchaser to demand a deed and maintain a bill for specific performance it is sufficient that he is ready and offers to pay any sum that may be found to be due and still unpaid and to comply with the contract on his part."

The defendants also argue in this court that the case of Chicago Bar Ass'n v. Quinlan and Tyson, 53 Ill App2d 388, 203 NE2d 131, revd in part, 34 Ill2d 116, 214 NE 2d 771, should be considered if Charles Ringer Company was the agent of both the buyer and the seller. Under the view we have taken that since the seller failed to deposit with Charles Ringer Company (admitted agent of the seller) a deed to purchaser, he did not comply

with the terms of the contract. The question as to whether Charles Ringer Company was also the agent of the buyer, or whether or not he waived on buyer's behalf any provisions of the contract, particularly the provision concerning the furnishing of proof of title to the buyer, is immaterial.

We find that the trial court properly ruled that there was no material issue of fact involved in the case and that the judgment decreeing a specific performance on the part of the defendant was proper. The judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

DRUCKER, P. J. and ENGLISH, J., concur.